18-1586-cv
Upstate Jobs Party v. Kosinski

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand eighteen.

PRESENT:   REENA RAGGI,
                      PETER W. HALL,
                      DEBRA ANN LIVINGSTON,
                                  *Circuit Judges*.
------------------------------------------------------------------------

UPSTATE JOBS PARTY, MARTIN BABINEC, JOHN BULLIS,

                         *Plaintiffs-Appellants*,


                    v.                                                            No. 18-1586-cv


PETER S. KOSINSKI, New York State Board of Elections Co-Chair Commissioner, in his official capacity, DOUGLAS A. KELLNER, New York State Board of Elections Co-Chair Commissioner, in his official capacity, ANDREW J. SPANO, New York State Board of Elections Commissioner, in his official capacity, GREGORY P. PETERSON, New York State Board of Elections Commissioner, in his official capacity,

                         *Defendants-Appellees*.
------------------------------------------------------------------------

FOR APPELLANTS:                    Shawn Sheehy, Jason B. Torchinsky, Holtzman Vogel Josefiak Torchinsky, PLLC, Warrenton, Virginia; Michael Burger, Santiago Burger, LLP, Pittsford, New York.

FOR APPELLEES:                              Andrea Oser, Deputy Solicitor General, Jennifer L. Clark, Assistant Solicitor General, *for* Barbara D. Underwood, Attorney General of the State of New York, Albany, New York.

Appeal from an order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*) denying a preliminary injunction.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on May 22, 2018, is AFFIRMED.

Plaintiffs Upstate Jobs Party, its founder, Martin Babinec, and its Chairman and Executive Director, John Bullis (together, "UJP"), appeal from the denial of their motion preliminarily to enjoin commissioners of the New York State Board of Elections ("Board") from enforcing certain state election laws that restrict campaign contributions to and from "Independent Bodies" such as UJP in ways that do not apply to political "Parties."[1]  Arguing that the disparate treatment violates constitutional rights of free speech and equal protection, *see* U.S. Const. amend. I & XIV, UJP seeks to enjoin enforcement of (1) N.Y. Elec. Law § 14-114(1) and 9 N.Y.C.R.R. § 6214.0, which prohibit individual contributions to UJP greater than $44,000 and UJP contributions to its own gubernatorial candidate greater than $44,000, but which allow individual contributions to Parties up to $109,600 and Party contributions to their own candidates in unlimited amounts; and (2) N.Y. Elec. Law § 14-124(3), which permits Parties, but not UJP, to establish "Housekeeping Accounts" for which Parties may raise funds in any

---

[1] *See* N.Y. Elec. Law § 1-104(3), (12) (defining Parties as organizations whose gubernatorial candidates received at least 50,000 votes in most recent election and Independent Bodies as organizations not Parties).

2

amount for "ordinary activities . . . not for the express purpose of promoting the candidacy of specific candidates," *id.*

We review the denial of a preliminary injunction for abuse of discretion, which we will identify only where the challenged decision rests on an error of law or a clearly erroneous finding of fact. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015). In doing so, we are mindful that where, as here, a preliminary injunction would alter the status quo and stay government action taken in the public interest pursuant to a statutory scheme, the movant must show not only (1) likely success on the merits and (2) likely irreparable harm absent preliminary relief, but also (3) equities tipping in its favor and (4) the public interest in such an injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010). In conducting our review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

At the outset, we observe that the merits of UJP's challenge raise serious questions of free expression and equal treatment under the law, as well as the appropriate standard of judicial review. *See McCutcheon v. Fed. Election Comm'n*, 134 S. Ct. 1434, 1441 (2014) (recognizing government authority to "regulate campaign contributions to protect against corruption or the appearance of corruption," but not "to reduce the amount of money in politics, or to restrict the political participation of some in order to enhance the relative influence of others"); *see id.* at 1444 (stating that "even a significant interference

3

with protected rights of political association may be sustained if the State demonstrates a sufficiently important interest and employs means closely drawn to avoid unnecessary abridgment of associational freedoms" (internal quotation marks and alteration omitted)); *accord Vermont Right to Life Comm., Inc. v. Sorrell*, 758 F.3d 118, 140 (2d Cir. 2014) ("Contribution limits are more leniently reviewed because they pose only indirect constraints on speech and associational rights." (internal quotation marks omitted)); *compare Riddle v. Hickenlooper*, 742 F.3d 922, 931–32 (10th Cir. 2014) (Gorsuch, *J.*, concurring) ("[W]hatever level of scrutiny should apply to *equal* infringements of the right to contribute in the First Amendment context, the strictest degree of scrutiny is warranted under Fourteenth Amendment equal protection doctrine when the government proceeds to *discriminate* against some persons in the exercise of that right." (emphasis in original)); *with Wagner v. Fed. Election Comm'n*, 793 F.3d 1, 32–33 (D.C. Cir. 2015) (*en banc*) (observing that in "no case" has Supreme Court "employed strict scrutiny to analyze a contribution restriction under equal protection principles," and applying same level of scrutiny to equal protection challenge in case involving First Amendment right as to underlying First Amendment challenge).

The Board defends the challenged laws as protecting against corruption (or the appearance thereof), but the existing record raises questions as to whether the challenged statutes "employ[] means closely drawn to avoid unnecessary abridgment of associational freedoms." *McCutcheon v. Fed. Election Comm'n*, 134 S. Ct. at 1444. While we think more record development is needed on the matter, even if we assume *arguendo*, contrary to the district court, that UJP is likely to prevail on the merits of its claim, we

4

nevertheless would not identify abuse of discretion in the denial of a preliminary injunction in the particular circumstances presented. *See generally Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 32 ("An injunction is a matter of equitable discretion; it does not follow from success on the merits as a matter of course.").

As the district court correctly observed, (1) UJP could have challenged the instant statutes as early as 2016, but delayed doing so without explanation; (2) UJP claims the challenged laws will impede its ability to promote its candidate for governor in the November 2018 election, but it has named no such candidate; and (3) the Board has a demonstrated interest in preventing election corruption, even though it is obliged to tailor its preventive means to avoid constitutional intrusions.

These circumstances indicate that, despite the serious questions raised, UJP has not shown that without a preliminary injunction in place for the remaining four months of the election cycle, it is likely to suffer irreparable harm in promoting a gubernatorial candidate it has not yet named; or that the equities tip in favor of such an injunction despite UJP's lack of a candidate and the ensuing confusion in administering the upcoming election; or that the public interest requires an injunction now rather than at the conclusion of full discovery and litigation.

In affirming denial of a preliminary injunction, we express no opinion on the appropriate resolution of UJP's challenge after discovery and further proceedings. We hold only that, on the present record, we cannot conclude that it was an abuse of discretion to deny preliminary injunctive relief.

Accordingly, we AFFIRM the order denying preliminary injunctive relief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court